United States District Court
Southern District of Texas
ENTERED
February 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD ALAN HAASE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1567 |
| | § | |
| BANK OF AMERICA CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Barrett Daffin Frappier Turner & Engel, LLP's ("Barrett Daffin") Motion to Dismiss (Doc. #6), Defendants Federal Reserve Bank of Dallas, Curtis Anastasio, Greg Armstrong, John (Jorge) Bermudez, Helen Holcomb, Renu Kahtor, Ellen Ochoa, Allan Rasmussen, Mathew Rose, Russel Shannon, Gerald Smith, Ann Stern, Marcus Watts, Mark Wynne, Evan Koenig, John Duca, Pete Cook, Richard Fisher, Kirk Hachigian, Paul Hobby, Elton Hyder, George Jones, Margaret Jordan, Herbert Kelleher, Joe King, Paul Murphy, Harvey Rosenblum, and Myron Ullmun III's ("Federal Reserve Defendants") Motion to Dismiss (Doc. #7), Defendants McGlinchey Stafford, PLLC and Jeff Seewald's (collectively, the "McGlinchey Defendants") Motion to Dismiss (Doc. #11), Defendants United States of America, United States Court of Appeals for the Fifth Circuit, United States District Judge Gray Miller, United States District Judge Sim Lake, United States Court of Appeals Judge Grady Jolly, Board of Governors of the Federal Reserve System, Janet Yellen, Stanly Fischer, Daniel Tarullo, Jerome Powell, and Lael Brainard's (collectively, "United States Defendants") Motion to Dismiss (Doc. #19), Plaintiff's Responses to each (Docs. #16, 24, 27, & 28), Defendants'

Replies (Docs. #30, 31, & 32), and Plaintiff's Surreplies (Docs. #35, 36, & 38).[1]

Additionally before the Court is the McGlinchey Defendants' Motion to Declare Plaintiff a Vexatious Litigant and Enjoin Further Filings (Doc. #12), Plaintiff's Response (Doc. #26), McGlinchey Defendants' Reply (Doc. #29), and Plaintiff's Surreply (Doc. #39). Having considered the arguments and the applicable law, the Court grants Barrett Daffin's Motion to Dismiss (Doc. #6), the Federal Reserve Defendants' Motion to Dismiss (Doc. #7), the McGlinchey Defendants' Motion to Dismiss (Doc. #11), and the United States Defendants' Motion to Dismiss (Doc. #19). The Court denies the McGlinchey Defendants Motion to Declare Plaintiff a Vexatious Litigant and Enjoin Further Filings (Doc. #12). Additionally, the Court grants dismissal of all remaining claims and parties under 28 U.S.C. §1915(e)(2).

## I. Background

In December 2007, Plaintiff and his wife filed suit in Texas state court against Countrywide and other Defendants, alleging breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and slander ("2007 Lawsuit"). That case concerned Plaintiff's home equity loan and the consequences of Plaintiff's alleged failure to make full payments under the loan.

On September 22, 2011, the 400th District Court of Fort Bend County entered an order granting summary judgment, and dismissing, with prejudice, Plaintiff's claims against Countrywide. In May 2012, the Haases amended their state court petition to add a claim under the federal Real Estate Settlement Procedures Act ("RESPA") against all defendants, including recently dismissed Countrywide. At that time, the defendants included: Countrywide; Bank of America Corporation; Bank of America, N.A.; Deutche Bank National Trust Company, Morgan

[1] The Court also considered the arguments made at the October 7, 2016 Motion Hearing.

Stanley, and Barrett Daffin Frappier Turner Engel, LLP. The assertion of the federal claim prompted the defendants to remove the case to the United States District Court for the Southern District of Texas.

Following removal, this court, through Judge Miller, granted summary judgment against the Haases, dismissing the RESPA claim and dismissing state law claims against Morgan Stanley and Barrett Daffin Frappier Turner & Engel, LLP. The remaining claims after summary judgment—all state law claims—were remanded back to the state court. Plaintiff appealed the adverse summary judgment to the Fifth Circuit, and the Fifth Circuit affirmed on April 8, 2014. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 626 (5th Cir. 2014).

Subsequently, in the remanded state court action, Plaintiff filed a 72-page "Ninth Amended Petition" on October 15, 2015. That petition, in substance, represents the same allegations as asserted in the Original Petition filed in this lawsuit. In addition to the aforementioned defendants, Plaintiff's Ninth Amended Petition also named as defendants the following: the United States of America, the Fifth Circuit Court of Appeals and United States Supreme Court Justice Antonin Scalia, the defendants' attorneys and law firms, and several federal judges. Plaintiff's legal theories, as here, included claims for breach of contract, fraud upon the court related to his home mortgage, and violations of the Fifth, Seventh, Tenth, and Fourteenth Amendments to the United States Constitution.

On November 13, 2015, Plaintiff's case was, again, removed to the Southern District of Texas. After removal, Plaintiff was granted leave to proceed in forma pauperis in federal court. However, in early 2016, this court also dismissed the entirety of Plaintiff's suit under 28 U.S.C. § 1915(e)(2)(B) (governing dismissal of proceedings in which in forma pauperis status is granted and providing that "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be

granted."). *See Haase v. Countrywide Home Loans, Inc.*, 2016 WL 639232 (S.D. Tex. Jan. 22, 2016) *report, memorandum and recommendation adopted* by 2016 WL 633911. Specifically, this court, through Judge Lake, concluded that it lacked subject matter jurisdiction as to the claims against Countrywide under the *Rooker-Feldman* doctrine because summary judgment had already been granted in state court. *Id.* at *2-3. This court also concluded that all claims asserted against the non-government defendants were barred under the doctrine of *res judicata*. *Haase*, 2016 WL 639232 at *3. As to the government defendants, this court held that the claims against the judges were barred by Judicial Immunity and the claims against the government and government agencies were barred by Sovereign Immunity. *Id.*

Accordingly, as of February 17, 2016, all claims against all parties named in Plaintiff's 2007 Lawsuit, pending more than 8 years, had been dismissed—pending Plaintiff's appeal of the order dismissing them. Plaintiff then brought this suit, which was once again removed to this court, asserting essentially the same facts and legal theories against many of the same defendants, and a slew of newly named defendants. Most of the Defendants, which are numerous, have moved for dismissal based on various legal theories. The Court will address each of these motions to dismiss in turn, and then turn to the McGlinchey Defendant's Motion to Declare the Plaintiff a Vexatious Litigant. Additionally, the Court will consider if Plaintiff's action was filed in violation of 28 U.S.C. §1915(e)(2).

## II. Legal Standard

### A. 12 (b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a 12(b)(6) motion to dismiss a complaint, courts

generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (*citing Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 1959.

"A document filed pro se is 'to be liberally construed,' ... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. *Res Judicata*

Under the law of the Fifth Circuit, "[c]laim preclusion, or 'pure' *res judicata*, is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir.2004) (*quoting United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir.1994)). *Res judicata* prevents the re-litigation of a claim that has been finally adjudicated, insofar as it was brought, or could have been brought, in a previous proceeding. *In re Paige*, 610 F.3d 865, 870 (5th Cir.2010). "Federal law determines the *res judicata* effect of a prior federal

court judgment." *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124 (5th Cir.1987).

To establish a viable *res judicata* defense, a party must prove the following four elements: (1) the parties are identical or are in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Procter & Gamble*, 376 F.3d at 499. If the party asserting the defense proves all four elements, all claims arising from the "common nucleus of operative facts" are merged into the previous judgment and barred by *res judicata*. *Id.* (*citing Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir.1994)). Though the parties in the prior and present suit must be identical, the fact that a plaintiff has named additional new defendants in the present suit is irrelevant under the *res judicata* analysis. *See Reagan v. U.S. Bank, Nat. Ass'n,* 2013 WL 510154, at *2 (S.D. Tex. Feb 12, 2013) (*citing Carey v. Sub Sea Int'l, Inc.*, 121 F. Supp. 2d 1071, 1074 (E.D. Tex. 2000)). As to the fourth element, the court applies the transactional test of Section 24 of the Restatement (Second) of Judgments to determine if the two cases involve the same claims or causes of action. *In re Paige*, 610 F.3d at 872; RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). Under the transactional test, the preclusive effect of a previous judgment bars the plaintiff's re-litigation of any claim "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Petro–Hunt, LLC v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(1)). "The critical issue under this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts.'" *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000) (*quoting In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)).

## III. Analysis

### A. Barrett Daffin's Motion to Dismiss

All of Plaintiff's claims against Barrett Daffin stem from Barrett Daffin's legal representation of its client in foreclosure proceedings on Plaintiff's property. As these claims have already been adjudicated, Plaintiff's claims against Barrett Daffin are barred by the doctrine of *res judicata*. "A claim is barred by *res judicata* when: (1) the parties in the prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. Maxwell v. U.S. Bank Nat. Ass'n, 544 Fed. Appx. 470, 472 (5th Cir. 2013) (*citing Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 313 (5th Cir. 2004)). All of these requirements are met as both Plaintiff and Barrett Daffin were parties in the prior litigation, Judge Gray H. Miller dismissed Haase's claims against Barrett Daffin with prejudice[2]—which is a final judgment on the merits of the case, and Haase's claims in this case arise out of the same "nucleus of operative facts" as the claims in the adjudicated lawsuit—alleged fraud on the court relating to the foreclosure of his home. Accordingly, Barrett Daffin's Motion to Dismiss is granted on this ground.

Additionally, such claims—those filed against lawyers by non-clients for actions taken in connection with representing a client—are barred by qualified immunity. *See Ainsworth v. Wells Fargo Home Mortg., Inc.*, 2014 WL 7273945, at *8 (N.D. Tex. Dec. 22, 2014) (stating that Texas courts have long held that attorneys cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions taken in connection with representing a client);

2 *Haase v. Countrywide Hom E Loans, Inc., No.* CV H-12-1538, 2012 WL 12871951, at *1 (S.D. Tex. Dec. 5, 2012), *aff'd sub nom. Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624 (5th Cir. 2014).

*Iqbal v. Bank of America,* 559 Fed. App'x 363, 365 (5th Cir. 2014) (finding Barrett Daffin qualified for attorney immunity because it was retained to assist in the foreclosure and the actions complained of by the plaintiffs were in the scope of its representation). Accordingly, Barrett Daffin's Motion to Dismiss is also granted on this ground.

Lastly, Plaintiff's complaint consists of 55 pages of rambling conclusory statements and unsupported "legal" conclusions. Nothing within the complaint creates a plausible or recognizable claim against Barrett Daffin outside of those dismissed based on the above two grounds. Therefore, Barrett Daffin's Motion to Dismiss is also granted on this ground.

**B. Federal Reserve Defendants' Motion to Dismiss**

Plaintiff's 55 page Complaint fails to identify any actions taken by any of the Federal Reserve Defendants. Instead, Plaintiff asserts the same collection of allegations that he complained of in the 2007 Lawsuit, and simply adds a lengthy list of new "defendants"—including Federal Reserve Bank of Dallas and numerous of its current or former employees, officers, and directors. The Court has failed to find any facts justifying the inclusion of these defendants in the lawsuit. The only possible allegation related to the Federal Reserve Defendants is that "the Fed and Fed Actors demonstrate Conscious Indifference to the acts of Banksters and Bankster Actors claimed in this Cause . . . [and] [i]t is without question that the Fed controls the Banksters and Bankster Actors, and that, Banksters, as well as, Bankster Actors act as Agents for the Fed." However, saying that it is without question that the "Fed" controls the "Banksters" does not make it so, nor does it create a plausible claim against the Federal Reserve Defendants. Though Plaintiff has alleged many violations, included violations of the "Magna Carta" and the generic "Rules of Civil Procedure," nothing within Plaintiff's 55 page Original Complaint creates a plausible claim for relief against the Federal Reserve Defendants.

Accordingly, the Court grants Federal Reserve Defendants' Motion to Dismiss on this ground.

**C. McGlinchey Defendants' Motion to Dismiss**

Haase's claims against the McGlinchey Defendants are barred by the doctrine of *res judicata*. "A claim is barred by *res judicata* when: (1) the parties in the prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. *Maxwell v. U.S. Bank Nat. Ass'n*, 544 Fed. Appx. 470, 472 (5th Cir. 2013) (*citing Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)). All of these requirements are met as both Plaintiff and the McGlinchey Defendants were parties in the prior litigation, Judge Sim Lake dismissed Plaintiff's claims against the McGlinchey Defendants with prejudice[3]—which is a final judgment on the merits of the case, and Plaintiff's claims in this case arise out of the same "nucleus of operative facts" as the claims against the McGlinchey Defendants in the Adjudicated Lawsuit—alleged fraud on the court, and violations of Chapter 12 of the Civil Practices and Remedies Code, relating to the litigation surrounding the foreclosure of his home. Accordingly, the McGlinchey Defendant's Motion to Dismiss is granted on this ground.

**D. United States Defendants' Motion to Dismiss**

In regards to Judge Jolly, Judge Miller, the United States, and the Fifth Circuit Court of Appeals, the Plaintiff's claims are barred by *res judicata*. All of these Defendants were dismissed from the earlier suit alleging the exact same facts and causes of action against them. Accordingly, in regards to these Defendants, the United States Defendants' Motion to Dismiss is granted on this ground.

---

[3] *Haase v. Countrywide Home Loans, Inc.*, No. CV H-15-3349, 2016 WL 639232, at *1 (S.D. Tex. Jan. 22, 2016), *report and recommendation adopted*, No. CV H-15-3349, 2016 WL 633911 (S.D. Tex. Feb. 17, 2016), *appeal dismissed*, 838 F.3d 665 (5th Cir. 2016).

As to the rest of the United States Defendants, Plaintiff's claims are barred by Judicial Immunity and Sovereign Immunity. Judicial Immunity entitles judges absolute immunity from suit for acts undertaken in their judicial capacity, even if they are done maliciously or corruptly. *Price v. Porter*, 351 F. Spp'x 925, 927 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)). The doctrine does not apply only when a plaintiff alleges that a judge acted without jurisdiction or in a nonjudicial role. *Id.* Here, Plaintiffs allege that judicial officials ruling against him amounted to fraud against the court and violated his due process rights under the Fifth Amendment and right to a jury trial under the Seventh Amendment. As Plaintiffs' allegations solely concern actions taken by judges in their judicial capacity, Judicial Immunity completely forecloses Plaintiffs' claims against Judge Lake, Judge Jolly, and Judge Miller.

In regards to Defendants Janet Yellen, Stanley Fischer, Daniel Tarullo, Jerome Powell, Lael Brainard, and the Board of Governors of the Federal Reserve System (the "Board") (collectively, the "Federal Reserve Board"), the Plaintiff's claims are barred by Sovereign Immunity as the Board is an agency of the United States, and the individuals were agency officials acting in their official capacity based on the pleadings.[4] The United States is immune to suit unless it waives its immunity by consent. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (U.S. 1994). The United States has not waived Sovereign Immunity for itself or its agencies for any of the claims apparent on the face of the Plaintiff's pleadings. Accordingly, Plaintiff's claims against these defendants are dismissed for lack of jurisdiction.

Additionally, Plaintiff has made no factual allegations regarding the Federal Reserve Board that would give rise to a plausible claim. Accordingly, the claims against the Federal Reserve Board are also dismissed for Plaintiff's failure to state a plausible claim. For the

---

[4] Janet Yellen is the Chair of the Board, Ben Bernanke is the former chairman of the Board, Fischer, Tarullo, Powell, and Brainard are all members of the Board.

grounds laid out above, this Courts grants the United States Defendants' Motion to Dismiss.

**E. Dismissal Under 28 U.S.C. § 1915(e)(2)(B)(i)**

As to the remaining claims and defendants, Plaintiff's suit is frivolous. Plaintiff was allowed to proceed in forma pauperis in state court. Doc. #1, Ex. 3 at 85-87. After the case was removed to federal court, Plaintiff was still allowed to proceed without paying court cost via his state court pauper's oath. A district court may dismiss a complaint filed *in forma paupas* if the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous" if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hens on-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991). A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory. *Neitzke*, 490 U.S. at 326. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

It is clear from one read of Plaintiff's Complaint that the facts alleged are "fantastic or delusional scenarios." Further, any claim arguably plausible is barred by *res judicata* under the same reasoning laid out in Sections III.A, III.C, and III.D above. Plaintiff cannot simply add an entire list of new defendants based on the exact same factual assertions dismissed in the 2007 Lawsuit. Accordingly, under the reasoning in this and the above sections, the Court finds the action brought by the Plaintiff is frivolous. As such, Plaintiff's remaining claims are dismissed.

**F. McGlinchey Defendants' Motion to Declare Plaintiff a Vexatious Litigant**

As shown above, Plaintiff's claims are completely meritless, and barred by res judicata. However, as Plaintiff's passionate pleas to this court during the October 7, 2016 Motion Hearing

show, it is also clear that Mr. Haase does not understand this, and completely believes his claims have merit. The Court will therefore give Mr. Haase the benefit of the doubt, and credit his filing of this lawsuit to Mr. Haase's misunderstanding of applicable legal rules. Accordingly, the Court denies the McGlinchey Defendants' Motion to Declare Plaintiff a Vexatious Litigant. Additionally, for the same reason, the Court denies McGlinchey Defendant's Motion for Attorney's Fees and Sanctions. That being said, Plaintiff should now realize that all claims brought in this litigation—or any new claims relating to this lawsuit, the 2007 litigation, or Plaintiff's home equity loan and the consequences of his alleged failure to make full payments under the loan—lack merit, and cannot be brought to this, or any other court, without a clear understanding by Mr. Haase that he is bringing a frivolous claim. Accordingly, the Court cautions Mr. Haase from additional meritless filings.

## IV. Conclusion

For the foregoing reasons, Barrett Daffin's Motion to Dismiss (Docs. #6), the Federal Reserve Defendants Motion to Dismiss (Doc. #7), McGlinchey Defendants Motion to Dismiss (Doc. #11), and the United States Defendants' Motion to Dismiss (Doc. #19) are GRANTED. The McGlinchey's Motion to Declare a Vexatious Litigant (Doc. #12) is DENIED, and the remaining claims are dismissed under 28 U.S.C. § 1915(e)(2).

The entire case is dismissed with prejudice.

It is so ORDERED.

FEB 0 8 2017

Date

The Honorable Alfred H. Bennett
United States District Judge